Fernando F. Chavez, SBN 86902
Chavez Law Group
1530 The Alameda, Suite 301
San Jose, California 95126
Telephone (408) 971-3903
Facsimile (408) 971-0117
ffchavez1530@gmail.com

Blanca E. Zarazua, SBN 129393
Law Office of Blanca E.Zarazua
319 Salinas Street
Salinas, California 93901
Telephone (831) 422-0302
Facsimile  (831) 422-0308
Blanca@zaralaw.com

Attorneys for Jesus Garcia et. al.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **JESUS GARCIA**, for himself and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>**CITY OF KING CITY**;<br>**BRUCE EDWARD MILLER**;<br>**BOBBY JAVIER CARRILLO**;<br>**MARIO ALONSO MOTTU, SR.**;<br>**JAIME ANDRADE**;<br>**DOMINIC "NICK" BALDIVIEZ**;<br>and **BRIAN A. MILLER**,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jesus Garcia, for himself and all others similarly situated, brings this action against the defendants named herein for appropriate legal and equitable relief for defendants'

---

Complaint - Jesus Garcia et. al. v. City of King City et. al.

1

egregious, outrageous, deliberate, and persistent pattern of wrongful conduct that deprived the named plaintiff and members of the class of their property without due process of law and in contravention of the equal protection guarantees of the United States Constitution in violation of the Civil Rights Act, particularly 42 U.S.C. §§ 1981, 1983and 1985(3). Plaintiffs further seek attorneys' fees and litigation costs of this action under 42 U.S.C. § 1988(b).

**Jurisdiction and Venue**

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 of the federal-law claims in this action.

2. Plaintiff Jesus Garcia is an adult present in this judicial district. Members of the putative class are persons who suffered the injuries and damages complained of within or near the police jurisdiction of the City of King City, Monterey County, in this judicial district.

3. Defendant City of King City is a California municipality located in Monterey County, within this judicial district.

4. Each individual defendant is an adult and is or was, at the times relevant to this complaint, residing or present within King City, Monterey County, in this judicial district, and is subject to the jurisdiction of this Court.

5. Venue in this district is proper under 28 U.S.C. § 1391(a) because all or a substantial part of the events giving rise to the claims herein asserted occurred in this district. Plaintiff and each member of the class suffered the injuries and damages complained of within or near the police jurisdiction of the City of King City, Monterey County, in this judicial district.

6. The claims asserted in this initial complaint are brought exclusively under and pursuant to the federal Civil Rights Act, particularly 42 U.S.C. §§ 1981, 1983, 1985(3), and

Complaint - Jesus Garcia et. al. v. City of King City et. al.

2

1988(b).Plaintiff, for himself and the prospective class, will file a timely governmental claim against the municipal and individual police officer defendants in accordance with Cal. Gov. Code § 900, *et seq.*, and will amend this complaint in the event the said governmental claim is against the municipal and individual police officer defendants in accordance with Cal. Gov. Code § 900, *et seq.*, and will amend this complaint in the event the said governmental claim is not satisfactorily resolved within 45 days of presentment. Cal. Gov. Code §§ 912.4(a), 912.6, 912.8.

**Intradistrict Assignment**

Pursuant to Civil L.R. 3-2(e) and except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division. Each individual defendant is an adult and is or was, at the times relevant to this complaint, residing or present within King City, Monterey County, California. Plaintiff and each member of the class suffered the injuries and damages complained of within or near the police jurisdiction of the City of King City, Monterey County, California.

**Parties**

7. Plaintiff Jesus Garcia is an adult present in this judicial district. Members of the putative class are persons who suffered the injuries and damages complained of within or near the police jurisdiction of the City of King City, Monterey County, in this judicial district.

8. Defendant City of King City is a California municipality located in Monterey County, within this judicial district. Defendants Bruce Edward Miller, Bobby Javier Carrillo, Mario Alonso Mottu, Sr., Jaime Andrade, and Dominic "Nick" Baldiviez (the "individual police officer defendants") are or were during certain times relevant to this complaint sworn

Complaint - Jesus Garcia et. al. v. City of King City et. al.

3

police officers, agents, and employees of defendant City of King City, and were acting in their capacity as sworn police officers and under color of law in acting and/or failing to act as hereafter alleged.

9. Defendant Bruce Edward Miller is an adult and is believed to be a resident of Monterey County, in this judicial district. At certain times relevant to this complaint, defendant Bruce Edward Miller was a sworn police officer and the Acting Chief of Police of defendant City of King City.  Defendant Bruce Edward Miller is the brother of defendant Brian A. Miller d/b/a Miller's Towing.

10. Defendant Bobby Javier Carrillo is an adult and is believed to be a resident of Monterey County, in this judicial district. At certain times relevant to this complaint, defendant Carrillo was a sworn police officer and was acting as patrol supervisor for the Police Department of defendant City of King City.

11. Defendant Mario Alonso Mottu, Sr., is an adult and is believed to be a resident of Monterey County, in this judicial district. At certain times relevant to this complaint, defendant Mottu was a sworn police officer of defendant City of King City.

12. Defendant Jaime Andrade is an adult and is believed to be a resident of Monterey County, in this judicial district. At certain times relevant to this complaint, defendant Andrade was a sworn police officer of defendant City of King City.

13. Defendant Dominic "Nick" Baldiviez is an adult and is believed to be a resident of Monterey County, in this judicial district. At certain times relevant to this complaint, defendant Baldiviez was a sworn police officer and was Chief of Police of defendant City of King City.

Complaint – Jesus Garcia et. al. v. City of King City et. al.

4

14.     Defendant Brian A. Miller is an adult and is believed to be a resident of Monterey County, in this judicial district. Defendant Brian A. Miller is the owner of Miller's Towing, which appears to be an unincorporated sole proprietorship, in King City, Monterey County. Defendant Brian A. Miller is the brother of defendant Bruce Edward Miller.

### Claims for Relief

### COUNT I

### Civil Rights: Targeting and Wrongful Taking of Property: Violation of 42 U.S.C. §§ 1981 and 1983
(Against Individual Defendants)

15.     Plaintiff re-alleges each and every preceding allegation and paragraph of this Complaint and incorporates same by reference into this Count I as if here set out in full.

16.     The individual police officer defendants (Bruce Edward Miller, Bobby Javier Carrillo, Mario Alonso Mottu, Sr., Jaime Andrade, and Dominic "Nick" Baldiviez) and defendant Brian A. Miller concocted and developed a scheme to target a particular demographic population, that is, economically disadvantaged and low-income persons of Hispanic descent (although other non-Hispanic drivers also were caught up in the scheme) in or near the territorial jurisdiction of defendant King City, California.

17.     According to the 2010 United States Census, the City of King City had a total population of 12,874, of which 87.5 percent was Hispanic or Latino. *See* http://quickfacts.census.gov/qfd/states/06/0638520.html (Mar. 6, 2014).[1]

---

[1] In contrast, Monterey County has a 56.4 percent Hispanic or Latino population. Statewide in California, 37.6 percent of the population was Hispanic or Latino. *Id.*

Complaint – Jesus Garcia et. al. v. City of King City et. al.

18. Said defendants and/or other unknown persons acting in active concert and participation with them acting as sworn police officers and under color of law, would make traffic stops of the said targeted drivers without a proper or legitimate reason, unlawfully seize, unlawfully impound, and unlawfully sell or have the drivers' vehicles sold, or otherwise appropriate the drivers' vehicles to the permanent use and benefit of one or more of the defendants.

19. By agreement with other individual defendants, more than 89 percent of the cases known to plaintiff at this time, the towing, impoundment, and sale of the said vehicles was accomplished through Miller's Towing, a sole proprietorship owned by defendant Brian A. Miller (who is the brother of individual police officer defendant Bruce Edward Miller), and other unknown similar companies and persons accomplished the balance of said wrongful acts.

20. In the individual defendants' minds, the targeted persons would be less likely to complain about the unlawful seizure and sale than other persons and, thus, the scheme would be less likely to be exposed.

21. The individual defendants and/or other unknown persons acting in active concert and participation with them implemented the foregoing scheme, and unlawfully seized, towed, impounded, and sold the said vehicles, or had the vehicles sold or otherwise appropriated to their own benefit, when the owners or those rightfully possessed of the vehicles could not pay the fines to defendant City of King City and/or the towing and impoundment fees charged.

22. Defendant Brian A. Miller and/or other unknown persons acting in active concert and participation with them, towed, impounded, and sold or disposed of the plaintiffs' said vehicles under the ostensible authority and color of state law at the direction of or in

Complaint - Jesus Garcia et. al. v. City of King City et. al.

6

agreement with the individual police officer defendants, with full knowledge and participation in the said scheme.

23. As a further part of the scheme, defendant Brian A. Miller then gave the individual police officers a "free" vehicle as corrupt and unlawful payment in exchange for every 10 to 15 seizures and impoundments committed and contracted to him by the individual police officer defendants.

24. In furtherance and in execution of the said scheme, in January 2012, plaintiff and prospective class representative Jesus Garcia, who is of Hispanic/ Latino origin, was operating his vehicle lawfully upon a public street within the police jurisdiction of defendant City of King City.

25. At that time and place, plaintiff was subjected to a traffic stop by a King City police officer for an alleged minor traffic infraction, and was issued a traffic citation by the said police officer. Plaintiff was not arrested or taken into custody by the said King City police officer.

26. Within minutes of plaintiff's being stopped, a tow truck arrived upon the scene of the said traffic stop and, without explanation to plaintiff , but at the direction of the said King City police officer, towed plaintiff's vehicle to a location unknown to the plaintiff. No explanation or reason was given by the said police officer for the seizure, towing, and impoundment of plaintiff's vehicle, nor were instructions given for the plaintiff's retrieval of said vehicle.

27. Subsequently, upon investigation, plaintiff was told by the towing company operator that his vehicle had been impounded at the order of the King City police, and that

Complaint - Jesus Garcia et. al. v. City of King City et. al.

7

plaintiff could not recover his vehicle until 30 days had elapsed, and then only upon payment of all towing and impound fees.

28. Plaintiff's vehicle was subsequently sold, disposed of, or converted to the use of the individual defendants, or converted by the individual defendants to the use of another person, and plaintiff has been permanently and unlawfully deprived of the use, possession, and ownership of his vehicle.

29. After the plaintiff's and class members' vehicles were unlawfully impounded, seized, and sold as alleged, the individual defendant police officers and defendant Brian A. Miller paid a portion of the impoundment fees and sales proceeds to defendant City of King City as ostensibly payment for fines and fees, and unlawfully retained and kept the balance of the sales proceeds for their personal use.

30. By unlawfully and wrongfully seizing, impounding, and selling or otherwise disposing of the targeted plaintiff's and class members' vehicles as alleged, the individual police officer defendants and their non-governmental accomplice and co-actor, defendant Brian A. Miller wrongfully and unlawfully took and exercised dominion and control over the plaintiff's and class members' property, deprived plaintiff and class members of their property without due process of law, and contrary to the non-discrimination and equal protection guarantees of the United States Constitution, all in deliberate and/or intentional violation of 42 U.S.C. §§ 1981 and 1983.

### COUNT II

**Civil Rights: Deliberate Indifference:**
**Violation of 42 U.S.C. §§ 1981 and 1983**
**(Against Defendant City of King City)**

Complaint - Jesus Garcia et. al. v. City of King City et. al.

8

31. Plaintiff re-alleges each and every preceding allegation and paragraph of this Complaint and incorporates same by reference into this Count II as if here set out in full.

32. Defendant City of King City failed to have in place and/or implement and/or enforce an adequate policy to prevent the pattern and scheme of wrongful conduct committed by its sworn police officers and others associated with them as alleged herein, or had in place such policies that allowed the long-standing, multi-year pattern and scheme of wrongful conduct resulting in the constitutional deprivations herein alleged to be perpetrated by police officers, including senior officers at the top of the chain of command of its Police Department.

33. Furthermore, defendant City of King City failed to have in place and/or implement and/or enforce an adequate policy to disclose, reveal, and uncover the long-standing, multi-year pattern and practice of wrongful conduct committed by its sworn police officers and others associated with them as alleged herein.

34. Defendant City of King City further failed to have in place a policy or procedure to determine whether the number of seizures of private vehicles for any given period was excessive based upon the population and traffic volume for the city, and to review the demographic information regarding persons whose vehicles were seized, impounded, and sold or otherwise disposed of in order to determine whether any particular group of persons was being unlawfully targeted for vehicle stop and seizure.

35. Furthermore, defendant City of King City failed to train its police officers, including the individual police officer defendants, as to the reasonable, justifiable and proper and improper circumstances for seizure, impoundment, and sale of vehicles, and disposition of the proceeds of the impoundment and/or sale of such vehicles after seizure.

Complaint - Jesus Garcia et. al. v. City of King City et. al.

9

36. Police corruption in general, and targeting economically disadvantaged, low-income, and less-influential populations for the exercise of corrupt schemes such as that in this case, are situations that are known to police departments and municipalities throughout the United States to occur with alarming frequency, and it is unreasonable and unjustifiable for defendant City of King City to fail to have, implement, and/or enforce effective policies for the prevention, detection, and eradication of such corrupt conduct.

37. In addition, defendant City of King City itself profited from the unlawful scheme and conspiracy implemented by the individual defendants in that the defendant City of King City received fines and other fees paid by the plaintiff and class members collected as a result of bogus traffic stops, as well as a portion of the impoundment and/or sales proceeds for each vehicle unlawfully seized, impounded, and/or sold, and deliberately failed to have in place or enforce a policy that would minimize the risk that the defendant City of King City would be party or complicit in the individual defendants' unlawful scheme.

38. The failure of the defendant City of King City to have, implement, enforce, and monitor the aforesaid policies constitutes a municipal custom or policy to permit, fail to prevent, acquiesce in, profit from, and ratify the individual defendants' extensive, pervasive, and outrageous violation of the plaintiffs' constitutionally protected property rights, which reflects a deliberate choice on the part of the defendant City of King City not to take action and a custom, practice, and policy of deliberate indifference to the violation of the plaintiffs' constitutionally protected property rights herein alleged.

### COUNT III

**Conspiracy to Violate Civil Rights: 42 U.S.C. § 1985(3)**
**(Against Individual Defendants)**

Complaint - Jesus Garcia et. al. v. City of King City et. al.

10

39. Plaintiff realleges each and every preceding allegation and paragraph of this Complaint and incorporates same by reference into this Count III as if here set out in full.

40. Before the commission of the wrongful acts herein alleged, but at a time otherwise unknown to plaintiffs, the individual defendants and each of them knowingly and willfully agreed and conspired among themselves to undertake the wrongful acts herein alleged, and/or each individual defendant furthered the conspiracy by cooperation, profiting from lending aid, ratifying, and/or adopting the wrongful acts committed by other members of the conspiracy.

41. The object of the said conspiracy was to unlawfully take the personal property of the plaintiffs and members of the class and to convert that personal property, or to obtain dominion and control over money from the sale of that personal property, to their own use and benefit and/or the use and benefit of some other unknown persons, all in violation of 42 U.S.C. §§ 1981 and 1983 as alleged.

42. Each member of the said conspiracy, together with other unknown persons acting in active concert and participation with the individual defendants or other persons acting at the direction of the individual defendants, committed one or more wrongful act as herein alleged, and each member of the conspiracy profited monetarily from the unlawful scheme.

43. As a result and consequence of the conspiracy and the wrongful acts committed in furtherance thereof, said defendants deprived plaintiffs and class members of their personal property without due process of law and contrary to the non-discrimination guarantees of federal law and the equal protection guarantees of the United States Constitution, and in deliberate and/or intentional violation of 42 U.S.C. §§ 1981, 1983, and 1985(3).

Complaint - Jesus Garcia et. al. v. City of King City et. al.

11

### Class Action Allegations

44.     Plaintiff brings this action for himself and for a class of all other persons similarly situated under Fed. R. Civ. P. 23 preliminarily defined as follows:

> All persons subjected to a traffic stop by an officer(s) of the King City, California, Police Department whose motor vehicles were seized, impounded, and thereafter sold or otherwise disposed of while under the control of the City of King City, during the period beginning three (3) years before this filing of this lawsuit until the present.

45.     The class is estimated to consist of at least 200 members whose vehicles were seized, impounded, and sold or otherwise appropriated by or at the direction of one or more of the defendants. An unknown number of additional class members likely exists. Class members are now located throughout the State of California and other states, and joinder of all members of the prospective class is impracticable.

46.     There are questions of law or fact common to the class, including, but not limited to the following:

(a).     Whether the acts of the individual defendants alleged herein and to be proved by the evidence constitute an actionable wrongful taking of the plaintiff's and class members' property in violation of the plaintiff's and class members' well-defined constitutional property rights that is actionable under 42 U.S.C. §§ 1981 and/or 1983;

(b).     Whether the acts or failures to act by defendant City of King City as alleged herein and to be proved by the evidence constitute deliberate indifference to the violations of the plaintiff's and class members' well-defined constitutional property rights that is actionable under 42 U.S.C. §§ 1981 and/or 1983;

Complaint - Jesus Garcia et. al. v. City of King City et. al.

12

(c). Whether the wrongful acts of the defendants alleged herein and to be proved by the evidence constitute an actionable conspiracy under 42 U.S.C. § 1985(3) to violate plaintiff's and class members' well-defined constitutional property rights;

(d). Whether the class as a whole is entitled to permanent injunctive relief against the defendants, including, but not limited to, a mandatory injunction (1) requiring adoption, institution, and implementation of a policy designed and intended to prevent such wrongful acts in the future, together with permanent monitoring by an outside, non-affiliated state agency or official; (2) requiring adoption, institution, and implementation of a comprehensive training regimen for police officers and officials, including intensive ethics training, designed and intended to minimize the risk that such wrongful acts will occur in the future; and (3) requiring restitution and/or disgorgement of ill-gotten gains from the defendants in an amount due to the class as a whole, with distribution to individual class members based upon a classwide formula;

(e). Whether the class as a whole is entitled to a declaratory judgment that the acts of the defendants alleged herein and to be proved by the evidence constitute actionable violations of the civil rights of each member of the class and violations of California law.

(f). Whether the class as a whole is entitled to restitution and/or disgorgement of the proceeds of the aforesaid unlawful scheme in an amount to be determined by the evidence, and distributed to the members of the class by under a classwide formula relating thereto; and

(g). Whether the class as a whole is entitled to a discrete, determinate quantum of other monetary relief from the defendants, and whether each member of the class is entitled to some amount thereof under a classwide formula relating thereto; and

Complaint - Jesus Garcia et. al. v. City of King City et. al.

13

    (h). Whether the class as a whole is entitled to an award of its attorneys' fees and litigation costs to be paid by the defendants under 42 U.S.C. § 1988(b).

  47. The claims, and the factual predicate for those claims, asserted by the representative plaintiff are typical of the claims of the class, and the named plaintiff does not seek legal or equitable relief not sought by other members of the class.

  48. The representative plaintiff will fairly and adequately protect the interests of the class, and the named plaintiff's interests are not now and are not expected to be in the future antagonistic or adverse to those of the members of the class.

  49. Certification of the class herein is proper under Fed. R. Civ. P. 23(b)(1)(B), 23(b)(2) and 23(b)(3).

  50. As alleged herein and to be proved by the evidence, adjudication of the claims of any individual member of the prospective class would, as a practical matter, be dispositive of the claims and interests of other members of the prospective class not parties to the individual adjudications, and same would substantially impair or impede the absent class members' ability to protect their interests and recover meaningful, full, and appropriate relief from the defendants, thus making class certification under Fed. R. Civ. P. 23(b)(1)(B) proper.

  51. In the alternative, as alleged herein and to be proved by the evidence, the defendants have acted in a similar, virtually identical, way against each member of the class, so that final injunctive relief, specifically appropriate mandatory injunctions, with corresponding declaratory relief is appropriate respecting the class as a whole, thus making class certification under Fed. R. Civ. P. 23(b)(2).

  52. In the further alternative, class certification under Fed. R. Civ. P. 23(b)(3) is proper because the questions of law or fact common to class members, including but not

Complaint – Jesus Garcia et. al. v. City of King City et. al.

14

exclusively those set out above, predominate over any questions affecting only individual class members, and a class action is superior to the filing of lawsuits by each prospective class member against the same defendants for the same relief, and is superior to other methods of adjudicating the controversy.

### **Prayer for Relief**

WHEREFORE, plaintiff, for himself and for class of all others similarly situated, demands judgment against defendants City of King City, Bruce Edward Miller, Bobby Javier Carrillo, Mario Alonso Mottu, Sr., Jaime Andrade, Dominic "Nick" Baldiviez, and Brian A. Miller as follows:

    A.    For an order that this action be certified as a class action;

    B.    For an order that the named plaintiff be appointed as representative of the class;

    C.    For an order that the attorneys of record for plaintiff be appointed class counsel;

    D.    For appropriate final injunctive relief as proved by the evidence at trial;

    E.    For a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that defendants' wrongful actions alleged herein are unlawful and in violation of the Civil Rights Acts, particularly 42 U.S.C. §§ 1981 and 1983;

    F.    For restitution and/or disgorgement of ill-gotten gains from the defendants in an amount due to the class as a whole to be determined by the evidence, with distribution to individual class members based upon a classwide formula;

    G.    For incidental compensatory damages in an amount due to the class as a whole, with distribution to individual class members based upon a classwide formula;

Complaint – Jesus Garcia et. al. v. City of King City et. al.

15

H. For an award of the plaintiffs' attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988(b), together with pre-judgment and post-judgment interest on all items of monetary recovery;

I. For other, further, and different relief, at law or in equity, to which plaintiffs and the class are entitled in the circumstances.

### Jury Demand

Plaintiffs demand trial by jury of all issues in this cause properly triable thereby.

Dated: March 10, 2014

/s/Fernando F. Chavez_____

Fernando F. Chavez
Chavez Law Group
1530 The Alameda, Suite 301
San Jose, California 95126
Telephone (408) 971-3903
Facsimile (408) 971-0117
California Bar No. 86902
ffchavez@pacbell.net

Blanca E. Zarazua
Law Office of Blanca E. Zarazua
319 Salinas Street
Salinas, California 93901
Telephone (831) 422-0302
Facsímile (831) 422-0308
California Bar No. 129393
Blanca@zaralaw.com
Blanca@suabogada.com

Attorneys for Plaintiffs

Complaint – Jesus Garcia et. al. v. City of King City et. al.

16