**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JESUS GARCIA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF KING CITY, et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-01126-BLF<br><br>**ORDER**<br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT BOBBY CARRILLO'S MOTION TO DISMISS;**<br>**(2) GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS, WITH LEAVE TO AMEND; AND**<br>**(3) GRANTING IN PART DEFENDANT'S MOTION TO STAY THE LITIGATION AGAINST HIM**<br><br>[Re: ECF 61, 62] |

Defendant Bobby Carrillo brings three motions before the Court: (1) a motion to dismiss counts I, III, IV, V, VI, VII, and VIII(b) of the Second Amended Complaint ("SAC") for failure to state a claim against him; (2) a motion to strike Plaintiffs' class allegations; and (3) a motion to stay the litigation pending the resolution of a parallel criminal case against him. *See* ECF 61, 62. The parties appeared for oral argument on April 2, 2015. The Court sets forth its rulings on each of Mr. Carrillo's motions below.

**I.    BACKGROUND**

For purposes of the motion to dismiss, the factual allegations in the SAC are presumed to be true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008).

This proposed class action involves an alleged conspiracy to target Hispanic and Latino drivers in King City, California, and wrongfully tow and impound their automobiles. The SAC alleges that several King City police officers, including Mr. Carrillo, conspired with the owner of a local towing company, Miller's Towing, to create a towing scheme: an officer would pull over

an automobile driven by a Hispanic or Latino individual, would order the vehicle be towed or impounded without legal justification, and then a tow truck from Miller's Towing would arrive within minutes to tow away the car. *See* SAC ¶¶ 21-25, 27-28. The conspirators (referred to throughout the SAC as "the Crew") would then sell the victim's vehicles and retain the proceeds from the sale, misappropriate the vehicles for their personal use, or require the victims to pay exorbitant fees in order to recover their vehicles. *See* SAC ¶¶ 29-32.

Mr. Carrillo served as a police officer and patrol supervisor in the King City Police Department. SAC ¶ 13. The SAC alleges that he was the leader of the Crew. SAC ¶ 21. The SAC further alleges that Mr. Carrillo stopped one of the named Plaintiffs, Maria Solis, for a minor traffic violation. SAC ¶ 54. Shortly after the traffic stop, Mr. Carrillo made a telephone call from his patrol car, and a tow truck arrived on the scene. SAC ¶ 55. At Mr. Carrillo's direction, the truck towed and impounded Ms. Solis' vehicle. *Id.* Mr. Carrillo told Ms. Solis, without legal justification, that she needed to wait thirty days to recover her vehicle. SAC ¶ 57. Later that same day, Mr. Carrillo saw Ms. Solis on the street and told her that she could recover her vehicle immediately if she paid all fees and charges at Miller's Towing. SAC ¶ 58. Ms. Solis paid $400 to Miller's Towing to recover her vehicle. SAC ¶ 59.

## II. DISCUSSION

### A. The Motion to Dismiss

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must therefore "plead enough facts to state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For causes of action sounding in fraud, a plaintiff must "state with particularity the circumstances constituting fraud and mistake." Fed. R. Civ. P. 9(b). Any complaint that fails to meet these requirements may be dismissed pursuant to Rule 12(b)(6).

The SAC alleges seven counts against Mr. Carrillo. At the motion hearing on April 2, 2015, the Court discussed the deficiencies in Plaintiffs' pleadings with regard to several of these

counts. It outlines below which counts require further amendment so as to comply with *Twombly* and *Iqbal* and give Mr. Carrillo fair notice of Plaintiffs' claims against him.

### 1.     Counts I and III

Plaintiffs allege that Mr. Carrillo violated 42 U.S.C. §§ 1981 (count I) and 1985(3) (count III). To allege a violation of Section 1981, a plaintiff must plead that the defendant engaged in "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989). Allegations of racial animus are similarly necessary to state a claim under Section 1985(3). *See id.* at n.3 ("As with section 1981, sections 1985(2) and (3) require a plaintiff to plead racial animus.") (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).

Plaintiffs' SAC does not plead facts to show that Defendant Carrillo acted with the intent to discriminate against any person, including Ms. Solis, due to his or her race. Plaintiffs in fact plead that King City is 87.5 percent Hispanic or Latino. *See* SAC ¶ 26. Plaintiffs must plead some facts to show a causal link, rather than mere correlation, between Defendant's acts and the race of the individuals allegedly targeted by the scheme. They have not done so. Defendant's motion to dismiss as to Counts I and III is therefore **granted**, with leave to amend.[1]

### 2.     Counts IV, V, and VI

Plaintiffs allege three state law claims against Mr. Carrillo: conversion (count IV), trespass to personal property (count V), and fraud (count VI).

A claim for conversion requires a plaintiff to allege three things: (1) plaintiff's ownership or right to possession of the property at the time of conversion, (2) defendant's conversion by wrongful act or disposition of the property rights, and (3) damages. *See, e.g.*, *Fortaleza v. PNC Fin. Servs. Grp. Inc.*, 642 F. Supp. 2d 1012, 1022 (N.D. Cal. 2009).

Defendant contends that Plaintiffs have not pled facts to show that he personally converted any property, and that any interference with Ms. Solis' property was *de minimis*. *See* Mot., ECF 61

---

[1] Plaintiffs also allege that the conspiracy was designed to target "low-income" drivers. SAC ¶ 21. Neither Section 1981 nor Section 1985(3) prohibits discrimination based on class or income. At the hearing on the motion to dismiss, Plaintiffs' counsel stated that Plaintiffs were not alleging a claim of discrimination sounding in economic discrimination, but instead were merely illustrating the types of individuals targeted by Defendants' purported scheme.

1  at 20. This argument is unpersuasive, for two reasons. First, Plaintiffs allege that Mr. Carrillo
2  unlawfully caused Ms. Solis' car to be towed, and then personally told her that she could retrieve
3  the car if she paid $400 to Miller's Towing. *See* SAC ¶¶ 55, 58. The SAC further alleges that Mr.
4  Carrillo and his fellow members of the Crew received the money paid by victims to recover their
5  wrongfully towed cars. SAC ¶ 25. These facts alone are sufficient to state a claim for conversion
6  under California law. Second, Plaintiffs' conspiracy claim in count VII imputes the conversion of
7  *any* of Plaintiffs' vehicles by *any other* Defendant to Mr. Carrillo. *See, e.g.*, *Applied Equipment*
8  *Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). The SAC alleges that another named
9  Plaintiff, Sergio Munoz, was instructed after his car was towed to bring a $200 money order to the
10 police station, with the payee left blank, in order to get information as to how he could retrieve his
11 car. SAC ¶ 51 (alleging that Mr. Munoz was forced to give the $200 money order to the officer
12 who ordered the car towed). Defendant's motion to dismiss count IV is therefore **denied**.
13     Defendant's motion to dismiss Plaintiffs' fifth cause of action for trespass to personal
14 property fails because, under California law, trespass to personal property is designed to permit a
15 Plaintiff to recover for "interferences with possession of personal property not sufficiently
16 important to be classed as conversion." *Intel v. Hamidi*, 30 Cal. 4th 1342, 1350 (2003). A plaintiff
17 must plead only that defendant intentionally interfered with plaintiff's personal property in a
18 manner that caused injury. *See id.* at 1350-51. Causing Ms. Solis' vehicle to be impounded for up
19 to thirty days constitutes trespass to property, as it interfered with her personal property in a
20 manner that caused injury. *See* SAC ¶ 55; *see also Clement v. City of Glendale*, 518 F.3d 1090,
21 1093 (9th Cir. 2008). Defendant's motion to dismiss count V is therefore **denied**.
22     Plaintiffs' sixth cause of action for fraud is subject to the heightened pleading requirements
23 of Rule 9(b). A claim for fraud under California law requires a plaintiff to plead five elements: (1)
24 a misrepresentation, concealment, or nondisclosure, (2) knowledge of falsity (or scienter), (3)
25 intent to defraud, (4) justifiable reliance, and (5) resulting damage. *See, e.g.*, *Lazar v. Superior*
26 *Court*, 12 Cal. 4th 631, 638 (1996).
27     Defendant is correct that Plaintiffs' pleadings are deficient with regard to their claim for
28 fraud against Mr. Carrillo. Though Plaintiffs make general allegations regarding the unlawful

1  impoundment of individual vehicles, *see* SAC ¶ 94, and though Plaintiffs allege that Mr. Carrillo
2  was responsible for the impoundment of Ms. Solis' vehicle, *see* SAC ¶¶ 53-59, they do not allege
3  particularized facts regarding the interaction between Mr. Carrillo and Ms. Solis sufficient to meet
4  Rule 9(b)'s heightened pleading requirements, including failing to allege the specific
5  misrepresentation(s) Defendant made and his knowledge of falsity. Because this deficiency could
6  be cured through amendment, the Court **grants** Defendant's motion to dismiss count VI, with
7  leave to amend.

### 3. Count VII

Plaintiffs allege a civil conspiracy among the Defendants to commit conversion, trespass, deceit and fraud. To state a cause of action for conspiracy, Plaintiffs must plead three elements: (1) the formation and operation of the conspiracy, (2) wrongful conduct by defendant in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. *See, e.g.*, *Craigslist, Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 981 (N.D. Cal. 2013) (noting that the first element itself has three subparts: "(i) knowledge of wrongful activity, (ii) agreement to join in the wrongful activity, and (iii) intent to aid in the wrongful activity").

Having reviewed the entirety of Plaintiffs' SAC, the Court was able to piece together allegations that could state a claim for civil conspiracy. To give fair notice to Mr. Carrillo, however, of the factual allegations giving rise to Plaintiffs' civil conspiracy claim against him, the Court finds that Plaintiffs must amend the SAC in order to clearly state, in one location, the facts which they contend give rise to a civil conspiracy under California law. *Cf. ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 2013 WL 6086924, at *4 (N.D. Cal. Nov. 19, 2013). Defendant's motion to dismiss count VII is therefore **granted**, with leave to amend.

### 4. Count VIII(b)

Finally, Plaintiffs allege a negligence claim against Mr. Carrillo. A claim for negligence requires that Plaintiffs plead (1) a duty, (2) breach of that duty, (3) causation, (4) resulting injury, and (5) damages. *See, e.g.*, *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913 (1996). Plaintiffs allege that Mr. Carrillo breached his legal duty as a police officer to comply with the law regarding the seizure and impoundment of vehicles. They allege specifically that Plaintiffs' automobiles were

towed despite only being pulled over for minor traffic violations. Plaintiffs need not plead in the SAC the exact violations for which each individual was pulled over – factual pleading that individuals were subjected to a stop for a "minor traffic violation" but nonetheless had their cars towed and impounded is sufficient to state a claim for negligence. *See* SAC ¶¶ 54-55. Defendant's motion to dismiss count VII(b) is therefore **denied.**

### B.     The Motion to Strike

Defendant moves to strike Plaintiffs' class allegations pursuant to Rule 12(f).[2] Defendant alleges that Plaintiffs' proposed class is unascertainable and overbroad, and that the proposed representative class members' claims do not meet the commonality or typicality requirements of Rule 23(b)(3). *See* Mot., ECF 61 at 8. The Court finds that these questions, generally, are more appropriately determined through briefing on a motion for class certification. *See, e.g.*, *Clerkin v. MyLife.com*, 2011 WL 3809912, at *3-4 (N.D. Cal. Aug. 29, 2011). But at the hearing on the motion, the Court indicated to Plaintiffs that the proposed class definition is in tension with Plaintiffs' Section 1981 and 1985(3) allegations, because Plaintiffs have not proposed a class or subclass of individuals who were targeted because they were Hispanic or Latino. *See* SAC ¶ 117. In response, Plaintiffs agreed to amend their class definition. The Court therefore **grants** Defendant's motion to strike Plaintiffs' class definition, with leave to amend.

### C.     The Motion to Stay

Defendant has been charged in a pending criminal action by the Monterey County District Attorney's Office. These charges arise out of the same factual nexus as Plaintiffs' civil case against him. Defendant's criminal trial is scheduled to begin on June 1, 2015. Defendant moves the Court to stay this action against him until the criminal case is resolved.

In this circuit, a court must consider six factors when determining whether a stay is

---

[2] There is a split in this district as to whether a motion to strike class allegations may be entertained at the motion to dismiss stage: "several judges have held that they may not be. . . . Other judges have held that a motion to strike class action allegations may be brought (but granted only rarely) at the motion to dismiss stage." *Ogola v. Chevron Corp.*, 2014 WL 4145408, at *2 (N.D. Cal. Aug. 21, 2014). The courts that have entertained such motions limit granting those motions to circumstances where the court is "convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *See id.*

appropriate in such a circumstance: (1) the extent to which Defendant's Fifth Amendment rights are implicated, (2) the plaintiff's interest and any prejudice to plaintiff of a delay, (3) the burden on defendant, (4) the efficient use of judicial resources, (5) the interests of nonparties to the civil suit, and (6) public interest in the civil litigation. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). Here, the first and third factors weigh heavily in favor of a stay, as courts have repeatedly held that Fifth Amendment concerns are greatest where the factual nexus of the criminal and civil cases are substantially similar. *See, e.g.*, *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989). In contrast, the second, fifth, and sixth factors weigh against a stay because the named plaintiffs and absent class members have a substantial interest in complete adjudication of their civil claims against Mr. Carrillo and the other Defendants. The fourth factor is neutral, as this case is in its early stages.

Having considered the *Keating* factors, the Court determines that a partial stay of the case with regard to Mr. Carrillo, including discovery as to his personal involvement in the alleged conspiracy, is warranted. As Mr. Carrillo's criminal case is scheduled to go to trial on June 1, 2015, the Court hereby **stays this action against Mr. Carrillo**, including propounding discovery to him personally, **until July 1, 2015**. If Defendant's trial is delayed, Defendant may request that the Court further extend the stay.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss counts I, III, VI, and VII is **granted,** with leave to amend.
2. Defendant's motion to dismiss counts IV, V, and VIII(b) is **denied**.
3. The motion to strike Plaintiffs' class allegations is **granted** with leave to amend.
4. The Court **stays** the litigation against Mr. Carrillo **until July 1, 2015**.
5. Plaintiffs must file a Third Amended Complaint **no later than April 29, 2015.**

Dated: April 8, 2015

_____
BETH LABSON FREEMAN
United States District Judge

7